# RECORD IMPOUNDED

**NOT FOR PUBLICATION WITHOUT THE**
**APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. <u>R.</u> 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1859-22

A.Z.,

    Plaintiff-Appellant,

v.

A.R.P.,

    Defendant-Respondent,

and

R.T.P.,

    Defendant.

_____

Submitted April 29, 2025 - Decided July 30, 2025

Before Judges Susswein and Bergman.

On appeal from the Superior Court of New Jersey, Law Division, Monmouth County, Docket No. L-4011-17.

The Privacy Firm PC, attorneys for appellant (Joseph A. Bahgat, on the briefs).

Pringle Quinn Anzano, PC, attorneys for respondent (H. Steven Berkowitz, of counsel and on the brief; Denise M. O'Hara, on the brief).

PER CURIAM

Plaintiff A.Z.[1] appeals the January 10, 2023 Law Division order granting defendant A.R.P.'s motion for summary judgment, dismissing her civil complaint alleging sexual assault by defendant A.R.P. The trial court found that plaintiff failed to file her complaint within the statute of limitations as then prescribed in N.J.S.A. 2A:14-2 and N.J.S.A. 2A:14-21. This matter returns to us after we partially reversed the trial court's previous order granting defendant's motion to dismiss. A.Z. v. A.R.P., No. A-5536-17 (App. Div. Feb. 24, 2020) (slip op. at 15). We instructed the trial court to consider whether plaintiff's claims are time-barred. Id. at 14-15. Plaintiff contends the trial court failed to consider that N.J.S.A. 2A:14-2a (subsection 2a), which was enacted during the pendency of this litigation, replaced the previous two-year statute of limitations. Subsection 2a allows a child sexual abuse victim to file a civil action within thirty-seven years of reaching the age of majority or within seven years of

---

[1] We use initials to refer to the parties to protect the privacy of plaintiff, an alleged victim of sexual offenses.

reasonable discovery of the injury and its causal relationship to the act, whichever date is later. N.J.S.A. 2A:14-2a(1).

After reviewing the record in light of the parties' arguments and governing legal principles, we conclude that plaintiff's allegations of sexual assault fall under the substantially extended statute of limitations adopted in subsection 2a.[2] As to its retroactive application, subsection 2a expressly provides child sexual abuse victims with a cause of action for acts that occurred "prior to, on or after" the statute's effective date of December 1, 2019. Ibid. Relatedly, N.J.S.A. 2A:14-2b established a two-year revival window for child sexual abuse victims to file otherwise time-barred claims, bolstering our conclusion that the Legislature intended to provide greater opportunities for child sexual abuse victims to file claims. In view of the unambiguous statutory language, we vacate the January 10, 2023 order granting summary judgment and remand for the trial court to consider defendant's motion for summary judgment on the merits.

## I.

Plaintiff alleges that, beginning in March 2011, defendant sexually assaulted her and later physically battered her by punching her in the stomach.

---

[2] We note that neither party filed a Rule 2:6-11 letter alerting us to the enactment of the new law.

Plaintiff was then sixteen years old and defendant was seventeen years old. They attended the same high school. The parties dispute whether the acts were consensual.

Plaintiff reported the alleged incidents to the Rumson Police Department on November 5, 2016. On October 19, 2017, plaintiff filed a complaint against defendant, which she amended on April 25, 2018. Her amended complaint included four claims: two sexual abuse claims under the Child Sexual Abuse Act (CSAA), N.J.S.A. 2A:61B-1; (counts one and two); an assault and battery claim against defendant (count three); and a false imprisonment claim against defendant's father, R.T.P. (count four). The complaint stated, "[b]ecause of psychological trauma, plaintiff was prevented from discovering the abuse until Nov[ember] 4, 2016, when she learned [defendant] had also raped one of her friends."

Defendant moved to dismiss the claim for failure to state a claim upon which relief can be granted pursuant to Rule 4:6-2(e), which the trial court granted. The court found counts one and two were barred due to defendant's age at the time of the alleged assaults and counts three and four were time-barred due to N.J.S.A. 2A:14-2's two-year statute of limitations period.

A-1859-22

On appeal, we affirmed the dismissal of plaintiff's CSAA claims (counts one and two) because defendant was not an adult during the period of alleged abuse.  A.Z., slip op. at 10.  With respect to counts three and four, we vacated the trial court's order and remanded the case because "the judge erred by finding the common law discovery rule inapplicable to plaintiff's common law claims as a matter of law."  Id. at 14.  We instructed the remand court to determine the accrual date of claims three and four, and "whether the claims were timely filed within the statute of limitations periods in N.J.S.A. 2A:14-2 and N.J.S.A. 2A:14-21."  Ibid.  As noted, neither party addressed the 2019 amendment to N.J.S.A. 2A:14-2, and we did not mention it in our prior opinion.

On remand, defendant filed a motion to dismiss, which the trial court denied.  The court explained that it must accept plaintiff's allegations as true, and her allegations included that she was not aware of the abuse until November 4, 2016.  As a result, the trial court concluded, the N.J.S.A. 2A:14-2 statute of limitations did not begin to run until November 4, 2016 because "psychological trauma prevented her from awareness" of the possibility of an actionable claim.  Since her common law claims were filed on April 25, 2018, the trial court found they were within the pre-amendment N.J.S.A. 2A:14-2 two-year statute of limitations.

A-1859-22

On June 10, 2022, defendants filed for summary judgment with respect to plaintiff's two remaining tort claims (counts three and four). That motion largely focused on whether N.J.S.A. 2A:14-2 time-barred plaintiff's claims. Plaintiff's counterstatement of facts also primarily focused on whether the claims are time-barred.

By this point, plaintiff argued that her claims fell under subsection 2a. Alternatively, plaintiff contended that, if subsection 2a does not apply, her claims were not time barred since they fell within the time limitations of N.J.S.A. 2A:14-2 and N.J.S.A. 2A:14-21.

Defendant's motion was heard on January 5 and 9, 2023. The trial court briefly addressed subsection 2a, stating: "[t]he Appellate Division . . . rejected [plaintiff's subsection 2a] argument and, therefore, [it] merits no discussion."

The trial court's analysis instead focused on N.J.S.A. 2A:14-2 and N.J.S.A. 2A:14-21. The court determined that plaintiff's claims arose in 2011 and were tolled on the date of her eighteenth birthday in October 2012, per N.J.S.A. 2A:14-21. Therefore, by the trial court's reckoning, plaintiff had until October 2014 to bring her claims. Since her complaint was filed on October 19, 2017, the court ruled her claims were time-barred.

In reaching that conclusion, the trial court rejected plaintiff's fact-sensitive argument that she was unaware of the alleged abuse until November 4, 2016. The court found that "plaintiff fails to cite to a shred of evidence to support her argument that she did not have the emotional wherewithal to realize that she had been raped." Plaintiff also argued that she needed more time to retain an expert to testify about her mental capacity before November 5, 2016, but the court rejected that argument, reasoning that discovery had already been extended on five occasions.

The court noted that: "[a]s a threshold issue, the [c]ourt . . . mak[es] no determination on the v[e]racity of [plaintiff's] allegations" and instead only considered "whether [plaintiff's claims] were legally complained of within the statute of limitations, even when considering the discovery rule exceptions."

This appeal followed. Plaintiff raises the following contention for our consideration:

> The trial court erred by applying the incorrect statute of limitations period under N.J.S.A. . . . 2A:14-2, rather than the correct limitation period for sexual assault-related claims set forth in N.J.S.A. . . . 2A:14-2a, as amended, which went into effect on Dec[ember] 1, 2019.

A-1859-22

II.

We first focus on plaintiff's argument that the trial court erred by granting defendant's summary judgment motion based on the two-year statute of limitations prescribed in N.J.S.A. 2A:14-2, rather than the extended statute of limitation set forth in subsection 2a. Plaintiff contends the subsection 2a statute of limitations is appliable here because it went into effect during the pendency of her first appeal and applies to common law claims alleging child sexual assault. Relatedly, plaintiff contends the trial court erred by assuming that subsection 2a is inapplicable because we did not mention it in our prior opinion.

We review a trial court's summary judgment decision de novo. DeSimone v. Springpoint Senior Living, Inc., 256 N.J. 172, 180 (2024). Further, we "accord no 'special deference' to the 'trial court's interpretation of the law and the legal consequences that flow from established facts.'" Cherokee LCP Land, LLC v. City of Linden Plan. Bd., 234 N.J. 403, 414-15 (2018) (quoting Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995)). This case turns on a legal question concerning the applicability of the 2019 amendments to the statutory framework that imposes time limits on bringing civil actions.

N.J.S.A. 2A:14-2 generally provides a two-year statute of limitations for personal injury claims. It states: "[e]xcept as otherwise provided by law, every action at law for an injury to the person caused by the wrongful act, neglect or default of any person within this State shall be commenced within two years next after the cause of any such action shall have accrued . . . ." Ibid. N.J.S.A. 2A:14-21 tolls the statute of limitations for a person who "is under the age of [eighteen]" and for "a person who has a mental disability that prevents the person from understanding [their] legal rights or commencing a legal action at the time the cause of action . . . . accrues." Once the person reaches the age of majority or has "the mental capacity to pursue [their] lawful rights[,]" the two-year statute of limitations begins to run. Ibid.

Subsection 2a took effect on December 1, 2019 and extends the two-year statute of limitations for civil actions alleging child sexual abuse. N.J.S.A. 2A:14-2a. It provides:

> a. (1) Every action at law for an injury resulting from the commission of sexual assault, any other crime of a sexual nature, a prohibited sexual act as defined in section 2 of P.L.1992, c. 7 (C.2A:30B-2)[3], or sexual abuse as defined in section 1 of P.L.1992, c. 109 (C.2A:61B-1) against a minor under the age of [eighteen] that occurred prior to, on or after the

---

[3] The Child Exploitation Act, N.J.S.A. 2A:30B-1 to -7, provides a "[c]ivil remedy for victims of child pornography." N.J.S.A. 2A:30B-3.

A-1859-22

effective date of P.L.2019, c. 120 (C.2A:14-2a et al.) shall be commenced within [thirty-seven] years after the minor reaches the age of majority, or within seven years from the date of reasonable discovery of the injury and its causal relationship to the act, whichever date is later.

[Ibid. (emphasis added) (footnote omitted).]

A statute's plain language serves as "the best indicator" of the Legislature's intent. DiProspero v. Penn, 183 N.J. 477, 492 (2005). "When the provisions of a statute are clear and unambiguous, they should be given their literal significance, unless it is clear from the text and purpose of the statute that such meaning was not intended." Turner v. First Union Nat'l Bank, 162 N.J. 75, 84 (1999). If the Legislature's intent is clear on the face of the statute, then the "interpretive process is over." Richardson v. Bd. of Trs., Police & Firemen's Ret. Sys., 192 N.J. 189, 195 (2007).

We add that as a general matter, when determining whether to apply a statute retroactively, "[t]he degree of retroactivity 'depends largely on the court's view of what is just and consonant with public policy in the particular situation presented.'" Roik v. Roik, 477 N.J. Super. 556, 574 (App. Div. 2024) (quoting Primmer v. Harrison, 472 N.J. Super. 173, 189 (App. Div. 2022)). "Relevant considerations include '(1) "justifiable reliance by the parties and the community as a whole on prior decisions," (2) whether the purpose of the new rule will be

advanced by retroactive application, and (3) any adverse effect retrospectivity may have on the administration of justice.'" Ibid. (quoting Primmer, 472 N.J. Super. at 189).

In this instance, the plain language of subsection 2a calls for retroactive application. It expressly extends the statute of limitations for "every action at law for an injury . . . against a minor under the age of [eighteen] that occurred prior to, on or after the effective date of [December 1, 2019]." N.J.S.A. 2A:14-2a (emphasis added). We view the express language to unequivocally and irrefutably establish "public policy" within the meaning of the Roik test. 477 N.J. Super. at 574. So too, the plain language of subsection 2a definitively resolves the question of whether the purpose of the new rule will be advanced by retroactive application. Ibid. In these circumstances, there is no need for us to consider the third Roik consideration.

### III.

We next consider defendant's argument that subsection 2a is inapplicable because plaintiff's claims do not fall within one of the four enumerated offenses.[4]

---

[4] Subsection 2a provides four separate actionable offenses, including: (1) "the commission of sexual assault[,]" or (2) "any other crime of a sexual nature[.]" N.J.S.A. 2A:14-2a(a)(1). These two offenses are potentially applicable to plaintiff's common law claims. Cf. Doe v. Estate of C.V.O., 477 N.J. Super. 42,

We acknowledge that subsection 2a does not define the two potentially applicable offenses: (1) "the commission of sexual assault" or (2) "any other crime of a sexual nature[.]" N.J.S.A. 2A:14-2a(a)(1). However, in Doe, we recently held that in determining whether N.J.S.A. 2A:14-2b[5] applies, a court can rely on the definition of "sexual assault" in N.J.S.A 2C:14-2. 477 N.J. Super. at 60-61. Writing for the court, Judge Lisa Perez Friscia held that plaintiffs are not required to use any "specific verbiage" in their civil complaint to invoke the expanded statute of limitations. Ibid.

In the matter before us, plaintiff's complaint alleges in court three that: "defendant [] intentionally, unlawfully, and assaulted and battered [plaintiff], by physically overpowering her, and forcibly committed acts of sexual penetration upon her, without her consent" and for count four that: "defendant [] engaged in forced non-consensual sexual acts with [plaintiff] in the house owned by [defendant's father]." (Emphasis added). We are satisfied that plaintiff's claims

---

60 (App. Div. 2023), certif. denied, 257 N.J. 232 (2024) ("Had the Legislature intended to limit the availability of claims only to [statutory] sexual abuse claims . . . , it would not have permitted 'an action . . . from the commission of sexual assault' . . . ." (second omission in original)).

[5] Subsection 2a and N.J.S.A. 2A:14-2b rely upon the same four enumerated offenses.

fall within the penal code definition of sexual assault.[6]  Thus, applying the rationale in Doe, we conclude plaintiff's complaint falls under the expanded statute of limitations afforded under subsection 2a, meaning that her remaining claims are not time-barred.

We add, finally, that we did not in our prior opinion tacitly rule that subsection 2a does not apply.  See A.Z., slip op. at 1.  We reiterate that the effect of the then-recent 2019 amendments was not raised by the parties, see footnote 2, which explains why those statutory revisions were not addressed in our remand instructions.

Because the trial court solely considered whether plaintiff's claims were time-barred, this matter must be remanded for the trial court to consider the substantive merits of defendant's motion for summary judgment.  We recognize that the trial court has already made findings in deciding defendant's motion to dismiss that are relevant in deciding whether summary judgment is appropriate. See DepoLink Ct. Reporting & Litig. Support Servs. v. Rochman, 430 N.J. Super. 325, 333 (App. Div. 2013) (holding that to rule on summary judgment, courts must determine "whether the evidence presents a sufficient disagreement

---

[6]  We note the penal code includes a specific definition of the term "sexual penetration," N.J.S.A. 2C:14-1(c), which is used in determining whether a defendant committed a sexual assault.

to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law") (quoting <u>Liberty Surplus Ins. Corp. v. Nowell Amoroso, P.A.</u>, 189 N.J. 436, 445-46 (2007)). We nonetheless remand for the trial court to complete the summary judgment analysis.

Reversed and remanded for proceedings consistent with this opinion. We do not retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

*M.C. Harley*

Clerk of the Appellate Division

A-1859-22